# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TIFFANY A. WARRINER, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 4:18-CV-00150-DGK |
| MELISSA M. HAMPTON, et al., | ) |
|       Defendants. | ) |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HAMPTON

Defendant Melissa Hampton drove her vehicle between lanes of traffic while fleeing from police, causing a collision that allegedly injured Plaintiff Tiffany Warriner. Plaintiff has sued Hampton, an uninsured motorist, for damages and State Farm Mutual Automobile Insurance Company ("State Farm"), Plaintiff's insurance carrier, for uninsured motorist coverage (Doc. 1). Hampton failed to respond to the complaint or otherwise defend in this action.

Now before the Court is Plaintiff's Motion for Default Judgment as to Defendant Hampton (Docs. 32, 33). Because State Farm, a non-defaulting defendant, continues to actively dispute Plaintiff's damages, the motion is DENIED WITHOUT PREJUDICE.

**Background**

On February 24, 2016, Hampton attempted to flee police by driving her vehicle between lanes of traffic. In so doing, Hampton crashed into a sedan, which in turn hit the passenger's side of Plaintiff's sport utility vehicle. Hampton was later convicted of multiple crimes, including fleeing and eluding police. She is currently incarcerated.

On February 23, 2018, Plaintiff filed a three-count complaint against Hampton and State Farm to recover damages for physical injuries she allegedly suffered as a result of the collision

(Doc. 1). Count I alleges Hampton negligently and/or recklessly caused Plaintiff's injuries, and Count II asserts State Farm is contractually obligated—through Plaintiff's uninsured motorist coverage—to pay for the injuries resulting from Hampton's negligence. Count III claims State Farm is also liable for fraudulently concealing Plaintiff's uninsured motorist coverage.

On March 1, 2018, Plaintiff served Hampton with the summons and complaint (Doc. 4). Hampton had twenty-one days to answer or otherwise respond to the complaint, *see* Fed. R. Civ. P. 12, but failed to do so. As a result, on October 15, 2018, the Clerk entered a default against Hampton pursuant to Fed. R. Civ. P. 55(a) (Doc. 25). Plaintiff then filed this motion requesting the Court enter a default judgment against Hampton pursuant to Fed. R. Civ. P. 55(b).

**Standard of Review**

Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). Upon default, a court takes as true all factual allegations in the complaint except those relating to the amount of damages. *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010); *see* Fed. R. Civ. P. 8(b)(6). The plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16-CV-00929-AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). "Damages may be proven by a sworn affidavit and supporting documentation." *Id*. (citation omitted).

**Discussion**

In Count I, Plaintiff sues Hampton for negligently and/or recklessly causing her injuries as a result of the February 2016 car crash. A plaintiff asserting a negligence claim must prove: "(1) a duty owed to the plaintiff, (2) breach of that duty, (3) causation between the breach of duty and the injury to plaintiff, and (4) damages suffered by the plaintiff." *Patterson v. Cowley County*,

*Kansas*, 413 P.3d 432, 437 (Kan. 2018).[1]  Hampton owed Plaintiff a duty to drive safely and to obey all traffic laws, but she breached that duty by driving between lanes of traffic attempting to flee police, and causing the accident.

With respect to the damages element, State Farm, a non-defaulting party to this lawsuit, continues to dispute whether Plaintiff suffered damages as a result of Hampton's breach.  "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."  *Safeco Ins. Co. of Am. v. Stephenson,* No. 2:06-CV-4294-NKL, 2007 WL 2026389, at *1 (W.D. Mo. July 9, 2007) (denying without prejudice the plaintiff's motion for default judgment when one non-defaulting defendant opposed the merits of the underlying action) (citation and quotation omitted);  *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (finding that when less than all defendants are jointly and severally liable for damages, the best practice is to stay the determination of damages until plaintiff's claim against the non-defaulters is resolved).[2]

Although State Farm's potential liability to Plaintiff under Count II is not joint and several with Hampton's liability under Count I, it is contingent upon Hampton's liability.  Indeed, there is only one set of damages resulting from the collision, and deciding this issue now could result in

---

[1] "'Federal courts sitting in diversity apply the choice-of-law rules of the forum state.'" *H & R Block Tax Servs. LLC v. Franklin*, 691 F.3d 941, 943 (8th Cir. 2012) (quotation omitted).  Missouri choice-of-law looks to the Restatement (Second) of Conflicts of Law, which provides that the law of the jurisdiction with the most significant relationship to the tort applies.  *Nelson v. Hall*, 684 S.W.2d 350, 351-52 (Mo. Ct. App. 1984).  Kansas has the most significant relationship with the underlying tort, and the parties do not dispute that Kansas law applies.  The Court will apply Kansas law.

[2] Because this is a procedural issue, the law of the forum applies.  *See In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010).  In any event, this same principle—waiting to grant default judgment until common claims against non-defaulting defendants are resolved—applies under Kansas law.  *See Jenkins v. Arnold*, 300, 573 P.2d 1013, 1016 (Kan. 1978) ("Where one of several defendants who is alleged to be jointly and severally liable defaults, judgment should not be entered against him until the matter has been adjudicated with respect to all defendants or all defendants have defaulted.").

inconsistent judgments later. Hence, the Court finds it best to withhold granting default judgment until after Plaintiff's claims against State Farm have been resolved. Plaintiff likely will suffer no prejudice from the delay since her best chance at recovering damages is from State Farm.

Further, the Court is unable to determine damages to a reasonable degree of certainty on this record. In support of her damages, Plaintiff attached a thirty-page excerpt of her deposition testimony. But this testimony does not indicate specific damages amounts for any of her alleged injuries, and Plaintiff's only damage calculations come from her complaint. "[W]hile factual allegations in the complaint are generally taken as true, those... relating to the amount of damages must be proven." *Monsanto Co. v. Hargrove,* No. 4:09-CV-1628-CEJ, 2011 WL 5330674, at *2 (E.D. Mo. Nov. 7, 2011). Thus, not until Plaintiff has established damages to a reasonable degree of certainty may the Court enter judgment. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

## Conclusion

Plaintiff's motion is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 10, 2019   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT